14-3620-cv
*Sands v. Rice et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand fifteen.

PRESENT:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                       *Circuit Judges.*

---

STACEY SANDS,

     *Plaintiff-Appellant,*

       v.                            No.    14-3620-cv

MARIA RICE, NEW PALTZ CENTRAL SCHOOL DISTRICT, BARBARA CLINTON,

     *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**     MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

**FOR DEFENDANT-APPELLEE:**     STEPHEN J. GABA, Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd PLLC, New Windsor, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED AND REMANDED**.

Plaintiff Stacey Sands ("Sands"), a former high-school guidance counselor in the New Paltz Central School District, appeals from the District Court's September 3, 2014 judgment granting defendants' motion for summary judgment and dismissing plaintiff's complaint, in which she alleged that, by denying her tenure and terminating her "on the basis of her race, defendants violated the Fourteenth Amendment to the United States Constitution as made actionable by 42 U.S.C. [§] 1983." JA-19. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review *de novo* a grant of summary judgment under Rule 56 [of the Federal Rules of Civil Procedure], construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, —F.3d—, 2015 WL 5059377, at *8 (2d Cir. Aug. 28, 2015). "Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).

Upon *de novo* review, we conclude that the District Court erred in granting defendants' motion for summary judgment and dismissing plaintiff's complaint. Applying the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the District Court "assum[ed], without deciding, that Sands ha[d] established a prima facie case of discrimination," and found "that defendants had a legitimate, non-discriminatory basis to deny tenure to—and ultimately terminate—Sands, namely, her work performance." *Sands v. New Paltz Cent. Sch. Dist.*, No. 12-CV-1094 (GLS), 2014 WL 4384219, at *4 (N.D.N.Y. Sept. 3, 2014). The District Court then held that, although plaintiff had "attempt[ed] to manufacture a question of fact with respect to some of the deficiencies noted in her 'unsatisfactory' performance evaluations, many of the deficiencies [were] unrefuted by plaintiff," and regardless, "any such question of fact [was] immaterial," as plaintiff "ha[d] critically failed to come forth with any evidence that the decision to deny her tenure was based on her race or a discriminatory animus on the part of defendants." *Id.* at *5.

"[A] plaintiff's prima facie case," however, when "combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). Of course, "[t]his is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability." *Id.* (emphasis in original). Indeed, "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Id.* But it is "err[or] [to] proceed[ ] from the premise that a plaintiff must always introduce additional,

independent evidence of discrimination." *Id.* at 149; *accord Cross v. N.Y. City Transit Auth.*, 417 F.3d 241, 249 (2d Cir. 2005) ("*Reeves* prevents courts from imposing a *per se* rule requiring *in all instances* that a[ ] . . . claimant offer more than a prima facie case and evidence of pretext." (emphasis in original) (internal quotation marks omitted)).

Thus, the District Court erred in holding that plaintiff's proof that defendants' explanation was false was "immaterial" because she had not introduced additional, independent evidence of discrimination. The District Court also erred in failing to consider "the probative value of [that] proof," as well as "the strength of . . . plaintiff's prima facie case." *Reeves*, 530 U.S. at 148–49.

Based upon our own "analy[sis] [of] the particular evidence" that plaintiff has put forth, *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir. 2000), we are persuaded that, "if credited, [it] could support a jury's finding that [defendants'] rationale for [plaintiff's denial of tenure] and eventual termination was a pretext for illegal race discrimination," *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). In other words, we conclude that, through plaintiff's "prima facie case, combined with [her] additional evidence of pretext . . . , [she] has created material issues of disputed fact . . . sufficient to survive summary judgment." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 503 (2d Cir. 2009), *superseded by statute on other grounds*, N.Y.C. Local L. No. 85, *as recognized in Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108–09 (2d Cir. 2013). Accordingly, we are required to vacate the District Court's September 3, 2014 judgment granting defendants' motion for summary judgment and dismissing plaintiff's complaint.

## CONCLUSION

For the reasons stated above, we **VACATE** the District Court's September 3, 2014 judgment granting defendants' motion for summary judgment and dismissing plaintiff's complaint and **REMAND** the cause for such further proceedings as may be appropriate under the circumstances, including a trial on the merits.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3